# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

REGINALD NELSON,                      :
                                      :
    **Plaintiff,**            :
                                      :
vs.                                   :    CIVIL ACTION NO. 17-00257-KD-B
                                      :
A. MADISON, *et. al.*,                :
                                      :
    **Defendants.**           :

## REPORT AND RECOMMENDATION

Plaintiff Reginald Nelson, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Based upon a careful review of the record, it is **RECOMMENDED** that this Plaintiff's claims against COI A. Madison and COI Tony Lett be **DISMISSED** as duplicative of those currently pending in Nelson v. COI A. Madison, et al., CA No. 16-00476-WS-MU, and that his claims against Warden Cynthia Stewart be **CONSOLIDATED** with the above-referenced case.

## I.  Nature of Proceedings

In Nelson's complaint before this Court, he asserts that he was stabbed on August 18, 2016, while being escorted back to his segregation cell by Defendants Madison and Tony Lett following a telephone call. (Doc. 1 at 3). Plaintiff names as Defendants in

the present action: COI A. Madison, COI Tony Lett, and Warden Cynthia Stewart.  (Id. at 4-5).

In screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court examined its docket and found that Plaintiff has another action pending before the Court, namely Nelson v. COI A. Madison, et al., CA No. 16-00476-WS-MU, which was filed *prior* to the instant action. (Doc. 1 at 2).  In Plaintiff's controlling amended complaint in the earlier filed action, he names as Defendants: COI A. Madison, COI Tony Lett, Lieutenant A. Kidd, and Lieutenant D. Brown.  (CA No. 16-00476-WS-MU, Doc. 22 at 4-5).  In that action, Plaintiff alleges that on August 18, 2016, while being returned to his segregation cell by Defendants Madison and Lett, after having made a telephone call to his mother, he was stabbed by another inmate.  (Id. at 3). In both cases, Plaintiff asserts an Eighth Amendment failure to protect claim against the correctional Defendants, including Madison and Lett, in connection with the inmate attack on August 18, 2016.

The Court, in an order dated August 9, 2018, directed Nelson to show cause why the instant case should not be dismissed as duplicative of his earlier filed case.  In his response, Nelson argues that the two ostensibly duplicative actions are distinct because, in the instant matter, he named Warden Cynthia Stewart as a defendant, which he did not do in his earlier filed action. (Id.

at 1). According to Nelson, he seeks to hold Warden Stewart accountable for "allowing her COI officers to allow a close custody inmate to go to HCU with a prison knife . . .," in addition to her having allowed only one (1) correctional officer to escort the inmate, instead of two. (Id.). Nelson further advises that the instant action should be viewed as being brought against Defendants in their individual capacity. (Id. at 2).

## II. Analysis

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000); see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) ("It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'") (citation omitted). The considerations behind this principle are "[w]ise judicial administration, giving regard to conservation of judicial resources[,] and comprehensive disposition of litigation." Id.

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues[,] and available relief do not significantly differ between the two actions." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986).

3

Broad discretion is given trial courts "in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." Id.

Upon review of Nelson's pending actions, it is clear that his claims asserted against Defendants Madison and Lett in this action are duplicative of those asserted in the earlier filed action. While Nelson contends that he is suing Defendants Madison and Lett in their individual capacity in this case, a review of the earlier filed action reflects that Nelson's claims against these same Defendants are being construed as both "official capacity" claims and "individual capacity" claims; thus, his claims in the instant action, even if treated as "individual capacity" claims, are still encompassed in the earlier filed action. Accordingly, the undersigned recommends that Nelson's claims against Defendants Madison and Lett be dismissed as duplicative of his claims asserted against them in the earlier filed action.

As noted *supra*, Nelson has also asserted claims against Warden Stewart. While Warden Stewart is not named as a defendant in the earlier filed action, Nelson's claims against her also arise out of the August 2016 inmate attack, and raise related issues of staffing on the day in question. Because of the similarity between both actions, and because both cases are still in the early stages, this Court finds that it would "avoid unnecessary cost and delay"

4

to consolidate Nelson's claims against Warden Stewart in this case with his earlier filed action pursuant to Federal Rule of Civil Procedure 42(a). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. A motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte." <u>Miller v. United States Postal Service</u>, 729 F.2d 1033, 1036 (5th Cir. 1984). In this manner, government officials need not defend against multiple, similar suits. Accordingly, the undersigned recommends that Nelson's claims against Warden Stewart in this case be consolidated with <u>Nelson v. COI A. Madison, et al.</u>, CA No. 16-00476-WS-MU, his earlier filed action.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiffs' claims against Defendants Madison and Lett be **DISMISSED** as duplicative of his claims in CA No. 16-00476-WS-MU, and his remaining claims against Warden Stewart be **CONSOLIDATED** with his earlier filed action.

<u>**Notice of Right to File Objections**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **31st** day of **August, 2018**.

                **/s/ SONJA F. BIVINS**
                **UNITED STATES MAGISTRATE JUDGE**